DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 13

33.    **RIGHT TO CANCEL**

+------------------------------------------------+
|          **NOTICE OF CANCELLATION**            |
|        **TEN DAY RIGHT TO CANCEL**             |
+------------------------------------------------+

Date of Transaction: 1/25/2024

You may cancel this transaction, without any penalty or obligation, within ten business days from the above date, or upon installation of the project, whichever happens first. However, no installation will occur until at least three days have passed since the signing of this agreement. If you cancel, any property traded in, any payments made by you under the contract or sale and any negotiable instrument executed by you will be returned within ten business days following receipt by the seller of your cancellation notice and any security interest arising out of the transaction will be canceled.

If you cancel, you must make available to the seller at your residence in substantially as good condition as when received, any goods delivered to you under this contract or sale; or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk. If you do make the goods available to the seller and the seller does not pick them up within twenty days of the date of your notice of cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice or any other written notice, or send a telegram, to **Radix Solar, 1815 N Main Street, Logan Utah, 84341** not later than midnight of (Date)___2/4/2024_____.

Customer's Initials: ___W___     Customer's Initials: _____



12

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 14

IN WITNESS WHEREOF, the Parties hereby agree to this Agreement and all of the terms contained herein.

**Radix Solar:**

By: _____ Greg Osborne _____
Authorized Radix Solar Representative

Date: 1/25/2024

**CUSTOMER(S):**

_"Lee Vance" _____
Customer

Date: 1/25/2024



13

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 15

---

## NOTICE OF CANCELLATION
## TEN DAY RIGHT TO CANCEL

---

### 1. NOTICE OF CANCELLATION
Date of Transaction: 1/25/2024

You may cancel this transaction, without any penalty or obligation, within ten business days from the above date, or upon installation of the project, whichever happens first. However, no installation will occur until at least three days have passed since the signing of this agreement. If you cancel, any property traded in, any payments made by you under the contract or sale and any negotiable instrument executed by you will be returned within ten business days following receipt by the seller of your cancellation notice and any security interest arising out of the transaction will be canceled.

If you cancel, you must make available to the seller at your residence in substantially as good condition as when received, any goods delivered to you under this contract or sale; or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk. If you do make the goods available to the seller and the seller does not pick them up within twenty days of the date of your notice of cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice or any other written notice, or send a telegram, to **Radix Solar, 1815 N Main Street, Logan Utah, 84341** not later than midnight of (Date)____2/4/2024____.

I hereby cancel this transaction.

_____        _____

**Buyer's Signature**                **Date**

---

**DO NOT SIGN ABOVE UNLESS YOU INTEND TO CANCEL THE TRANSACTION AND RETURN THIS FORM TO Radix Solar WITHIN THE REQUIRED TIME PERIOD.**



14

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 16

---

### NOTICE OF CANCELLATION
#### Ten Day Right to Cancel

---

## 1. NOTICE OF CANCELLATION
Date of Transaction: 1/25/2024

You may cancel this transaction, without any penalty or obligation, within ten business days from the above date, or upon installation of the project, whichever happens first. However, no installation will occur until at least three days have passed since the signing of this agreement. If you cancel, any property traded in, any payments made by you under the contract or sale and any negotiable instrument executed by you will be returned within ten business days following receipt by the seller of your cancellation notice and any security interest arising out of the transaction will be canceled.

If you cancel, you must make available to the seller at your residence in substantially as good condition as when received, any goods delivered to you under this contract or sale; or you may, if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk. If you do make the goods available to the seller and the seller does not pick them up within twenty days of the date of your notice of cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice or any other written notice, or send a telegram, to **Radix Solar, 1815 N Main Street, Logan Utah, 84341** not later than midnight of (Date) 2/4/2024 .

I hereby cancel this transaction.

_____        _____

**Buyer's Signature**                          **Date**

---

DO NOT SIGN ABOVE UNLESS YOU INTEND TO CANCEL THE TRANSACTION AND RETURN THIS FORM
TO Radix Solar WITHIN THE REQUIRED TIME PERIOD.

---


**radix**
SOLAR ENERGY PROVIDER

15

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 17

## DISTRIBUTION INTERCONNECTION AGREEMENT

### PARTIES

This Distribution Interconnection Agreement ("Agreement") is entered into by Arizona Public Service Company ("APS") and the APS customer of record ("Customer") where the Generating Facility is located.

If the Customer is not the owner of the Generating Facility, the owner of the Generating Facility ("Owner,") is also a signatory to this Agreement and agrees to be bound to all the provisions of this Agreement, which expressly or by implication apply to the owner of the Generating Facility.

Customer, Owner, and APS, as the case may be, may each be referred to in this Agreement as a "Party" and collectively as the "Parties."

### RECITALS

A.  Customer intends to install or cause to be installed a Generating Facility at property owned or leased by Customer ("Premises).

B.  APS and Customer intend to interconnect the Generating Facility to APS's electric distribution system ("APS System"), in order that Customer may operate the Generating Facility in electrical parallel with the APS System.

C.  In addition to the terms and conditions set forth in this Agreement, Customer shall comply with all applicable requirements of the APS Interconnection Requirements Manual for Distributed Generation ("APS Requirements") located at www.aps.com/dg. The APS Requirements are incorporated into and made a part of this Agreement.

D.  In addition to the terms and conditions set forth in this Agreement, the Parties shall comply with all applicable requirements of the Arizona Corporation Commission Interconnection Rules set forth at A.A.C. R14-2-2601, et seq ("ACC Rules"). The ACC Rules are incorporated into and made a part of this Agreement.

E.  Capitalized terms not defined in this Agreement have the meanings set forth in the APS Requirements or the ACC Rules, as the case may be.

### AGREEMENT

The Parties agree that the Recitals are made a part of this Agreement and further agree as follows:

1.  **Effective Date and Term**

    (a) This Agreement shall commence on the date indicated with Customer's signature set forth on the signature line and shall remain in effect until: (a) it

1

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 18

is terminated by mutual agreement of the Parties, (b) it is replaced or superseded by another interconnection agreement between the Parties with respect to the Generating Facility, (c) it is terminated by APS due to a breach or a default of this Agreement, (d) Customer terminates APS service, vacates or abandons the Premises, terminates or abandons the Generating Facility without APS's agreement, or (e) it is terminated by either Party upon thirty (30) days' advance written notice.

(b)   APS may terminate this Agreement by written notice to Customer if Customer fails to perform any of its obligations under this Agreement, which failure continues for thirty (30) days after receipt of written notice from APS specifying the failure. If, however, due to the nature of the failure to perform, it cannot reasonably be cured within that 30-day period, Customer will have an additional period of time, not to exceed an additional thirty (30) days, in which to cure the failure, so long as Customer has commenced the cure within the initial 30-day period and is thereafter diligently pursuing it to completion.

(c)   Upon termination of this Agreement for any reason: Customer shall immediately permanently lock open the Disconnect Switch and ensure that the electrical conductors connecting the Generating Facility to Customer's distribution system or the APS System are immediately lifted and permanently removed (collectively, "Termination Obligations"). APS may inspect the Generating Facility to verify that it is permanently disconnected as described above.

(d)   In the event that Customer fails to perform its Termination Obligations, APS may enter the Premises in order to perform the Termination Obligations, at Customer's expense.

2.   **Interconnection Application.**   Customer represents that its Interconnection Application is accurate, complies with the APS Requirements, and shall be updated as necessary during the interconnection process.

3.   **Sale of Premises.**  This Agreement shall not terminate in the event of the sale or lease of the Premises.  If the ownership of the Generating Facility changes, this Agreement will remain in effect so long as the operation of the Generating Facility remains unchanged. The Customer shall provide notice to APS within seven calendar days, in the event of a change in the ownership of the Generating Facility.

4.   **Customer Obligations**

(a)   Customer shall fully comply and cause its contractors to fully comply with the APS Requirements and the ACC Rules. Among other things, the ACC Rules require that, in order to enable the delivery of power from the Generating Facility to the APS System at the Point of Interconnection, Customer must provide the necessary equipment for connection, transformation, switching, protective relaying, metering, and safety (including a Customer-owned,

2

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 19

visibly-open Disconnect Switch or Switches. Customer shall maintain the Generating Facility and all related equipment in a safe and in good operating condition.

(b) Customer shall be solely responsible for all legal and financial obligations arising from or in connection with the ownership, design, construction, installation, operation, maintenance, and removal of the Generating Facility.

5.    **Disconnection and Reconnection.**    The Parties' rights with respect to disconnection and reconnection of the Generating Facility with the APS System are set forth in the ACC Rules at A.A.C. R14-2-2613.

6.    **Advanced Inverters**

(a) The APS Requirements contain provisions regarding Advanced Inverters. In accordance with the APS Requirements, among other things, Customer certifies that the Advanced Inverter Generating Facility complies with Section 8.7(A)(11) of the APS Requirements.

(b) APS may need to inspect the Generating Facility in order to verify the settings of an Advanced Inverter. Customer shall cooperate fully with an inspection request. In the event the Advanced Inverter is not set in accordance with APS's requirements, Customer shall cease operation of the Generating Facility at APS's request, until APS notifies Customer in writing that it may resume operation of the Generating Facility.

7.    **Liability and Damages**

(a) APS MAKES NO REPRESENTATIONS AND PROVIDES NO WARRANTY OR GUARANTY (EXPRESS OR IMPLIED) WITH RESPECT TO THE DESIGN, INSTALLATION, SAFETY, USE, PERFORMANCE, DURABILITY, EFFECTIVENESS, OR TECHNICAL FEASIBILITY OF THE GENERATING FACILITY. ALL SUCH WARRANTIES ARE EXPRESSLY DISCLAIMED. APS'S TESTING OF THE GENERATING FACILITY AND REVIEW OF ANY PLANS, SPECIFICATIONS, DESIGNS, AND TEST RESULTS OF OR WITH RESPECT TO THE GENERATING FACILITY ARE FOR APS'S PURPOSES ONLY, AND SHALL NOT BE CONSTRUED AS CONFIRMING OR ENDORSING THE DESIGN OF, OR AS ANY WARRANTY WITH RESPECT TO, THE GENERATING FACILITY. APS SHALL NOT BE LIABLE FOR ANY STATEMENT, REPRESENTATION, PROMISE, INDUCEMENT, OR UNDERSTANDING OF ANY KIND THAT IS NOT EXPRESSLY SET FORTH IN THIS AGREEMENT. APS WILL HAVE NO LIABILITY FOR OR IN CONNECTION WITH ANY EQUIPMENT INSTALLED BY, OR FOR ANY ACT OR OMISSION OF, ANY OTHER ENTITY OR INDIVIDUAL, INCLUDING ANY

3

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 20

EQUIPMENT MANUFACTURER, ELECTRICIAN, TECHNICIAN, OR OTHER SERVICE PROVIDER.

(b) To the fullest extent permitted by law, neither APS nor any of its directors, officers, members, partners, agents, and employees, or their respective predecessors, successors or assigns (collectively, the "APS Parties") shall be liable to Customer or its directors, officers, members, partners, agents, employees, volunteers, contractors, shareholders, or trustees, or their respective predecessors, heirs, successors or assigns, or their respective insurers, for any incidental, indirect, speculative, consequential, exemplary, punitive or special damages whatsoever, including lost profits, loss of revenue, production losses, production delays, loss of the use of equipment, cost of capital, cost of temporary equipment or services, or any and all other non-direct damages or losses arising from this Agreement or any of the actions or transactions provided for in this Agreement, even if APS is advised of the possibility thereof, and irrespective of whether such claims are based upon breach of warranty, tort (including negligence, whether of Customer, APS or others), strict liability, contracts, operation of law, or otherwise. Customer hereby releases APS and the APS Parties from any such damages.

8. **Indemnification.** To the fullest extent permitted by law, Customer shall indemnify, defend and hold harmless APS and the APS Parties for, from and against any and all liabilities, claims, damages, losses, penalties, litigation, demands, causes of action (whether in tort or contract, in law or at equity or otherwise), suits, proceedings, judgments, disbursements, charges, assessments, and expenses (including attorneys' and experts' fees and expenses incurred in investigating, defending, or prosecuting any litigation, claim, or proceeding) (each, a "Claim"), whether direct, indirect or consequential, related to, arising from, or in any way connected with: (a) the design, construction, installation, inspection, maintenance, testing or operation of the Generating Facility or equipment used in connection with this Agreement; (b) the interconnection of the Generating Facility with the APS Distribution System; (c) the delivery of energy from the Generating Facility to the APS Distribution System; or (d) the performance or nonperformance of Customer's obligations under this Agreement. Interconnection Customer's obligations under this Section 8 shall extend to indemnify, defend, and hold harmless the APS Parties where APS or any of the APS Parties are allegedly concurrently negligent in causing or contributing to the Claim, but shall not extend to any liability caused by the sole negligence or intentional misconduct of APS or the APS Parties. It is the intent of APS and Customer that APS will, in all instances except for loss or damage resulting from APS's sole negligence, be indemnified against all liability, loss, or damage of any nature whatsoever for or on account of any injuries or death of person(s) or damages to or destruction of property belonging to any person arising out of, or in any way connected with, this Agreement or the Generating Facility. Customer's obligations under this Section will survive the termination of this Agreement.

4

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 21

9.    **General Terms and Conditions.** This Agreement shall be interpreted, governed by, and construed in accordance with the substantive and procedural laws of the State of Arizona, without regard to conflicts of law principles. Any action, suit, or proceeding arising out of or relating to this Agreement shall be initiated and prosecuted in a state or federal court of competent jurisdiction located in Maricopa County, Arizona, and the Parties irrevocably submit to the jurisdiction and venue of such court. TO THE FULLEST EXTENT PERMITTED BY LAW, EACH PARTY HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHTS TO A TRIAL BY JURY AND COVENANTS AND AGREES THAT IT WILL NOT REQUEST A TRIAL BY JURY WITH RESPECT TO ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT. None of the provisions of this Agreement will be considered waived by either Party except when such waiver is given in writing. No waiver by either Party of any one or more defaults in the performance of the provisions of this Agreement will operate or be construed as a waiver of any other existing or future default or defaults. If any one or more of the provisions of this Agreement or the applicability of any provision to a specific situation is held by a court of competent jurisdiction to be invalid or unenforceable, the provision will be modified to the minimum extent necessary to make it or its application valid and enforceable, and the validity and enforceability of all other provisions of this Agreement and all other applications of such provisions will not be affected by any such invalidity or unenforceability. Upon its Effective Date, this Agreement supersedes all prior agreements or commitments for interconnection between the Parties for the Point of Interconnection. This Agreement may not be amended except by a written instrument executed by the Parties. Customer may not assign this Agreement or any of its rights and obligations hereunder without APS's prior written consent, and any purported assignment without APS's consent will be deemed void. This Agreement may be executed in any number of counterparts, each of which will be deemed an original and all of which, when taken together, will constitute one and the same instrument. This Agreement may be executed using an electronic or digital signature. Electronic copies of signatures will be deemed effective as originals.

**Customer**

| | |
|---|---|
| Authorized Signature: *Lee Vance* | |
| Printed Name: Lee   vance | |
| Title: MD | |
| Date: 1/25/2024 | |

5

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 22

**Owner**

| | |
|---|---|
| Authorized Signature: *Lee Vance* | |
| Printed Name: Lee  Vance | |
| Title: MD | |
| Date: 1/25/2024 | |

6

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 23



## CONSUMER ACKNOWLEDGEMENT

### Financing, Sale or Lease Agreements for Distributed Energy Generation Systems

### Adherence A.R.S. § to 44-1763

Consumers buying, financing or leasing a solar distributed energy generation system ("System") must receive certain disclosures from the manufacturer and solar installers regarding warranties, payment obligations, performance data and major System components as set forth In A.R.S § 44-1763.

As part of the installer's interconnection application process for the purchase or lease of a System, consumers must acknowledge below that they have had the opportunity to review their contract documentation to ensure that it contains all the required information set forth on the attached Table 1, A.R.S § 44-1763 Contract Requirements.

APS will reject interconnection applications which do not include a signed copy of this acknowledgement.

---

**I, CONSUMER:**

- **Have read the attached Table 1, A.R.S § 44-1763 Contract Requirements**

- **Have been given the opportunity to review the contract documentation for the purchase or lease of my System to ensure that it contains all the required information set forth on the attached Table 1, A.R.S § 44-1763 Contract Requirements.**

**Consumer Signature:** _Lee Vance_

**Consumer Printed Name:** Lee  Vance

**Address:** 409 Bisbee Rd

**City/State/Zip:** Bisbee          AZ  85603

**APS Account #:** 8660146539

**Date:** 1/25/2024

---

Rev 9/20/16

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA    Exhibit 'B' Page 24

## TABLE 1.

### A.R.S § 44-1763 Distributed Energy Generation System Agreements &

### Disclosures

### Financing, Sale or Lease Agreements for Distributed Energy Generation Systems

An agreement governing the financing, sale or lease of a distributed energy generation System to any person or a political subdivision of this state must include:

| |
|---|
| •No blank spaces affecting the timing, value or obligations of the agreement at the time of installation. Any signed agreement containing blank spaces affecting timing, value of or material obligations is voidable by the buyer/lessee up to the point of installation. |
| • At least ten-point type |
| • The right to rescind the agreement for a period of not less than three (3) business days after the agreement is signed by the buyer or lessee and before the distributed energy generation system is installed. |
| • A description of the make and model of the System's major components, or a guarantee of the energy production that the System will provide over the life of the agreement. |
| • For purchases, a breakdown of the following (if applicable):<br>o Total purchase price or cost over the lifetime of the agreement<br>o Any interest, installation fee, document preparation fees, service fees or other costs to be paid |
| • For financed or leased Systems, a breakdown of the following (if applicable):<br>oTotal cost over the lifetime of the agreement<br>o   Any interest, installation fee, document preparation fees, services or other costs<br>o   Total number of payments<br>o Payment frequency<br>o The amount of each payment<br>o Payment due date |
| • The current and applicable tax incentives, rebates or other state or federal incentives, and any conditions or requirements needed to obtain these incentives. |
| • The current tax obligations, including the assessed value and property tax assessments, as applicable and calculated in the year the agreement was signed, transaction privilege taxes, and any obligations for transfer tax credits or tax incentives. |
| • Whether warranty or maintenance obligations may be sold to or transferred to a 3rd-party. |
| • A written warranty statement that includes responsibilities assumed or disclaimed and performance data of the System and components. |
| • Any restrictions on the ability to modify or transfer ownership of the System, including whether any modification or transfer is subject to review or approval by a third party, and such third party's full contact information |
| • Any third-party review requirements in the event of a modification or transfer of ownership of the real property to which the System is or will be affixed, including such third-party's name, address and telephone number . |
| • A full and accurate summary of the total costs of the maintaining and operating the system over the life of the agreement including, financing, operating, maintenance and construction costs of the System. |
| • The contact information of the entity that may assume the obligation of maintenance, or warranty, should it be transferred. |

Rev 9/20/16

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA    Exhibit 'B' Page 25

| |
|---|
| • If the agreement contains an estimate of future utility charges based on projected utility rates, buyer/lessee must be provided an estimate of future utility charges as impacted by potential utility rates changes ranging from at least a five percent annual decrease to a five percent increase applied to the duration of the agreement in one percent increments. Any comparative estimates must be calculated by applying the entire rate change range to the duration of the agreement. |
| • A statement that: "Utility rates and utility rate structures are subject to change. These changes cannot be accurately predicted. Projected savings from your distributed energy generation system are therefore subject to change. Tax incentives are subject to change or termination by executive, legislative or regulatory action." |

Rev 9/20/16

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 26



**APPENDIX IIA**

**DISCLAIMER**

**POSSIBLE FUTURE RULES and/or RATE CHANGES**
**AFFECTING YOUR ROOFTOP PHOTOVOLTAIC SYSTEM**

1. APS electricity rates, basic charges and service fees are subject to change. Future adjustments to these items may positively or negatively impact any potential savings or the value of your rooftop photovoltaic system.

2. You will be responsible for paying any future increases to electricity rates, basic charges or service fees from APS.

3. Your rooftop photovoltaic system is subject to the current rates, rules and regulations established by the Arizona Corporation Commission ("Commission"). The Commission may alter its rules and regulations and/or change rates in the future, and if this occurs, your system is subject to those changes.

4. Any future electricity rate projections presented to you are not approved by APS or the Commission. They are based on projections formulated by external third parties not affiliated with APS or the Commission.

By signing below, you acknowledge that you have read and understood the above disclaimer.

Signed,

Lee   Vance                         _Lee Vance_
_____
Name/signature

1/25/2024
_____
Date

> By signing this disclaimer, you confirm your understanding that the economics behind your decision to buy or lease solar may change. You are signing up for a long-term agreement with a third-party NOT affiliated with APS, whose numbers are based on their own predictions about rates and policies that are subject to change.

rev. 6/4/2020

DocuSign Envelope ID: 3CF3705D-31CE-4A8D-9B64-FE89675DB9AA

Exhibit 'B' Page 27

## Authorization Form

Thank you for your interest in the APS Interconnection Application Program. Interconnecting a Distributed Energy Resource, including a solar photovoltaic electric system, to the APS grid is an easy process. The first step in the process is to initiate an application. This step has already been initiated by _Radix Solar and_ lee Vance This authorization form must be electronically signed in order for the application to be completed.

I, ___Lee Vance___, the Property Owner and I, ___Lee Vance___, the APS Customer of Record, at _____.

By signing this form, we are allowing _409 Bisbee Rd, Bisbee, AZ, 85603_ to act on our behalf in regard to all aspects of the interconnection process and understand:

1. We are authorizing the party listed above to submit an application on our behalf

2. We hereby grant APS permission to coordinate the interconnection process with the following party:

   Name of Entity: _Radix Solar_
   Name of Individual: _Lee Vance_
   Address: _409 Bisbee Rd, Bisbee, AZ, 85603_
   Phone Number: _(301) 655-2557_
   Email: _Lwvance@ymail.com_

3. We are authorizing the party listed above to select a qualifying rate rider, which works in combination with our service plan, if interconnecting a renewable resource.

4. APS reserves the right to reject any Interconnection Application which it deems illegible or does not meet the requirements set forth in the APS Interconnection Requirements Manual or the APS sample designs.

Customer of Record: _Lee Vance_
Signature of Customer: ___Lee Vance___
Date: _1/25/2024_

Property Owner: _Lee Vance_
Signature of Property Owner: ___Lee Vance___
Date: _1/25/2024_

Exhibit 'B' Page 28

**DocuSign**

## Certificate Of Completion

Envelope Id: 3CF3705D31CE4A8D9B64FE89675DB9AA
Subject: Solar Closing Documents for Lee Vance
Source Envelope:
Document Pages: 27                    Signatures: 9
Certificate Pages: 2                  Initials: 11
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-07:00) Mountain Time (US & Canada)

Status: Completed

Envelope Originator:
SoloSign™
3049 Executive Parkway
Lehi, UT 84043
production@gosolo.io
IP Address: 34.172.114.152

## Record Tracking

| Status: Original | Holder: SoloSign™ | Location: DocuSign |
| 1/25/2024 6:54:18 PM | production@gosolo.io | |
| Status: Original | Holder: SoloSign™ | Location: DocuSign |
| 1/25/2024 6:54:20 PM | solosign-noreply@gosolo.io | |

## Signer Events

| **Signer Events** | **Signature** | **Timestamp** |
|---|---|---|
| Greg Osborne | *Greg Osborne* | Sent: 1/25/2024 6:54:20 PM |
| greg.osborne.rdx@rdxpower.com | | Viewed: 1/25/2024 6:54:53 PM |
| Radix Solar | | Signed: 1/25/2024 6:55:39 PM |
| Security Level: Email, Account Authentication (None) | Signature Adoption: Pre-selected Style | |
| | Using IP Address: 108.147.173.19 | |
| Electronic Record and Signature Disclosure: Not Offered via DocuSign | | |
| Lee Vance | *Lee Vance* | Sent: 1/25/2024 6:55:40 PM |
| Lwvance@ymail.com | | Viewed: 1/25/2024 7:03:19 PM |
| MD | | Signed: 1/25/2024 7:03:50 PM |
| Security Level: Email, Account Authentication (None) | Signature Adoption: Pre-selected Style | |
| | Using IP Address: 174.18.88.199 | |
| Electronic Record and Signature Disclosure: Not Offered via DocuSign | | |

| **In Person Signer Events** | **Signature** | **Timestamp** |
|---|---|---|

| **Editor Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Agent Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Intermediary Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Certified Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Carbon Copy Events** | **Status** | **Timestamp** |
|---|---|---|
| SoloSign™ | **COPIED** | Sent: 1/25/2024 6:54:20 PM |
| production@gosolo.io | | Viewed: 1/25/2024 6:54:20 PM |
| Security Level: Email, Account Authentication (None) | | Signed: 1/25/2024 6:54:20 PM |
| Electronic Record and Signature Disclosure: Not Offered via DocuSign | | |

Exhibit 'B' Page 29

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 1/25/2024 6:54:20 PM |
| Certified Delivered | Security Checked | 1/25/2024 7:03:19 PM |
| Signing Complete | Security Checked | 1/25/2024 7:03:50 PM |
| Completed | Security Checked | 1/25/2024 7:03:50 PM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

AZ203364

**Exhibit 'C' Page 1**
**ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE**

Dated:    10/15/24

IN ACCORDANCE WITH ARIZONA REVISED STATUTES 33-992.01.

THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR

**THE NAME AND ADDRESS OF THE OWNER OR REPUTED OWNER**

10/15/24    AZ203364
LEE WENDELL VANCE
409 BISBEE RD
BISBEE AZ 85603

**THE NAME AND ADDRESS OF ANY LENDER OR REPUTED LENDER AND/OR ASSIGNS IS**

GOODLEAP
8781 SIERRA COLLEGE BLVD
ROSEVILLE CA 95661

**THE NAME AND ADDRESS OF THE ORIGINAL CONTRACTOR**

RDX POWER LLC DBA RADIX SOLAR
1815 NORTH MAIN STREET
LOGAN UT 84341

**THE NAME AND ADDRESS OF the person whom the claimant has contracted is**

LEE VANCE
409 BISBEE RD
BISBEE AZ 85603

This preliminary lien notice has been completed by (name and address of claimant)

RDX POWER LLC DBA RADIX SOLAR
1815 NORTH MAIN STREET
LOGAN UT 84341

You are hereby notified that the claimant has furnished or will furnish labor, professional services, materials, machinery fixtures or tools of the following general description:

SOLAR DESIGN, EQUIP. PROC. & WAREHOUSING
SOLAR SVCS, SOLAR CONST. & PROJ MGMT

In the construction, alteration or repair of the building, structure or improvement located at and situated upon that certain lot(s) or parcel(s) of land described as follows:

RDX11577
VANCE PROJECT
409 BISBEE RD
BISBEE AZ 85603
COCHISE COUNTY

An estimate of the total price of the labor, professional services, materials, machinery, fixtures or tools furnished or to be furnished is:

$44,080.23

BY: _____  Signature on file

AZCLDP 81198
A.D.C.  UNKNOWN

---

**NOTICE TO PROPERTY OWNER**
IF BILLS ARE NOT PAID IN FULL FOR THE LABOR, PROFESSIONAL SERVICES, MATERIALS, MACHINERY, FIXTURES, OR TOOLS FURNISHED, OR TO BE FURNISHED, A MECHANIC'S LIEN LEADING TO THE LOSS, THROUGH COURT FORECLOSURE PROCEEDINGS, OF ALL OR PART OF YOUR PROPERTY BEING IMPROVED MAY BE PLACED AGAINST THE PROPERTY. YOU MAY WISH TO PROTECT YOURSELF AGAINST THIS CONSEQUENCE BY EITHER:
1. REQUIRING YOUR CONTRACTOR TO FURNISH A CONDITIONAL WAIVER AND RELEASE PURSUANT TO ARIZONA REVISED STATUTES SECTION 33-1008, SUBSECTION D, PARAGRAPHS 1 AND 3 SIGNED BY THE PERSON OR FIRM GIVING YOU THIS NOTICE BEFORE YOU MAKE PAYMENT TO YOUR CONTRACTOR.
2. REQUIRING YOUR CONTRACTOR TO FURNISH AN UNCONDITIONAL WAIVER AND RELEASE PURSUANT TO ARIZONA REVISED STATUTES SECTION 33-1008, SUBSECTION D, PARAGRAPHS 2 AND 4 SIGNED BY THE PERSON OR FIRM GIVING YOU THIS NOTICE AFTER YOU MAKE PAYMENT TO YOUR CONTRACTOR.
3. USING ANY OTHER METHOD OR DEVICE THAT IS APPROPRIATE UNDER THE CIRCUMSTANCES.

WITHIN 10 DAYS OF THE RECEIPT OF THIS PRELIMINARY TWENTY DAY NOTICE THE OWNER OR OTHER INTERESTED PARTY IS REQUIRED TO FURNISH ALL INFORMATION NECESSARY TO CORRECT ANY INACCURACIES IN THE NOTICE PURSUANT TO ARIZONA REVISED STATUTES SECTION 33-1003, SUBSECTION 1 OR LOSE AS A DEFENSE ANY INACCURACY OF THAT INFORMATION. WITHIN TEN DAYS OF THE RECEIPT OF THIS PRELIMINARY TWENTY DAY NOTICE IF ANY PAYMENT BOND HAS BEEN RECORDED IN COMPLIANCE WITH ARIZONA REVISED STATUTES SECTION 33-1003, THE OWNER MUST PROVIDE A COPY OF THE PAYMENT BOND INCLUDING THE NAME AND ADDRESS OF THE SURETY COMPANY AND BONDING AGENT PROVIDING THE PAYMENT BOND TO THE PERSON WHO HAS GIVEN THE PRELIMINARY TWENTY DAY NOTICE, IN THE EVENT THAT THE OWNER OR OTHER INTERESTED PARTY FAILS TO PROVIDE THE BOND INFORMATION WITHIN THAT TEN DAY PERIOD, THE CLAIMANT SHALL RETAIN THE BOND AS A RESULT OF NOT TIMELY PREJUDICED FROM ASSERTING A CLAIM AGAINST LIEN RIGHTS TO THE EXTENT PRECLUDED OR RECEIVING THE BOND INFORMATION.

---

Upon receipt of this notice, please detach and sign this Acknowledgement and return same to sender

ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY 20-DAY NOTICE ARIZONA REVISED STATUTES 33-992.01 AND 33-992.02

Signature of Sender    Signature on file    Date:  10/15/24    Prelim Number:  AZ203364

This acknowledges receipt on _____ of a copy of the preliminary twenty-day notice at _____
        Date:                                                    (Address where Notice Received)

Date: _____
Date this Acknowledgement is Executed    Address or Description of Job Site

Signature of person acknowledging receipt, with title if acknowledgement is made on behalf of another person

AZ203364

Exhibit 'C' Page 2

Dated:    10/15/24

## ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE

### IN ACCORDANCE WITH ARIZONA REVISED STATUTES 33-992.01.

THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR

**THE NAME AND ADDRESS OF ANY LENDER OR REPUTED LENDER AND/OR ASSIGNS IS**

10/15/24    AZ203364
GOODLEAP
8781 SIERRA COLLEGE BLVD
ROSEVILLE CA 95661

**This preliminary lien notice has been completed by (name and address of claimant)**

RDX POWER LLC DBA RADIX SOLAR
1815 NORTH MAIN STREET
LOGAN UT 84341

**THE NAME AND ADDRESS OF THE OWNER OR REPUTED OWNER**

LEE WENDELL VANCE
409 BISBEE RD
BISBEE AZ 85603

You are hereby notified that the claimant has furnished or will furnish labor, professional services, materials, machinery fixtures or tools of the following general description:

SOLAR DESIGN, EQUIP. PROC. & WAREHOUSING
SOLAR SVCS, SOLAR CONST. & PROJ MGMT

In the construction, alteration or repair of the building,structure or improvement located at and situated upon that certain lot(s) or parcel(s) of land described as follows:

**THE NAME AND ADDRESS OF THE ORIGINAL CONTRACTOR**

RDX POWER LLC DBA RADIX SOLAR
1815 NORTH MAIN STREET
LOGAN UT 84341

RDX11577
VANCE PROJECT
409 BISBEE RD
BISBEE AZ 85603
COCHISE COUNTY

**THE NAME AND ADDRESS OF the person whom the claimant has contracted is**

LEE VANCE
409 BISBEE RD
BISBEE AZ 85603

An estimate of the total price of the labor, professional services, materials, machinery, fixtures or tools furnished or to be furnished is:

$44,080.23

BY: _____  Signature on file

AZCLDP 81198

A.D.C.  UNKNOWN

**NOTICE TO PROPERTY OWNER**
IF BILLS ARE NOT PAID IN FULL FOR THE LABOR, PROFESSIONAL SERVICES, MATERIALS, MACHINERY, FIXTURES, OR TOOLS FURNISHED, OR TO BE FURNISHED, A MECHANIC'S LIEN LEADING TO THE LOSS, THROUGH COURT FORECLOSURE PROCEEDINGS, OF ALL OR PART OF YOUR PROPERTY BEING IMPROVED MAY BE PLACED AGAINST THE PROPERTY. YOU MAY WISH TO PROTECT YOURSELF AGAINST THIS CONSEQUENCE BY EITHER:
1. REQUIRING YOUR CONTRACTOR TO FURNISH A CONDITIONAL WAIVER AND RELEASE PURSUANT TO ARIZONA REVISED STATUTES SECTION 33-1008, SUBSECTION D, PARAGRAPHS 1 AND 3 SIGNED BY THE PERSON OR FIRM GIVING YOU THIS NOTICE BEFORE YOU MAKE PAYMENT TO YOUR CONTRACTOR.
2. REQUIRING YOUR CONTRACTOR TO FURNISH AN UNCONDITIONAL WAIVER AND RELEASE PURSUANT TO ARIZONA REVISED STATUTES SECTION 33-1008, SUBSECTION D, PARAGRAPHS 2 AND 4 SIGNED BY THE PERSON OR FIRM GIVING YOU THIS NOTICE AFTER YOU MAKE PAYMENT TO YOUR CONTRACTOR.
3. USING ANY OTHER METHOD OR DEVICE THAT IS APPROPRIATE UNDER THE CIRCUMSTANCES.

WITHIN 10 DAYS OF THE RECEIPT OF THIS PRELIMINARY TWENTY DAY NOTICE THE OWNER OR OTHER INTERESTED PARTY IS REQUIRED TO FURNISH ALL INFORMATION NECESSARY TO CORRECT ANY INACCURACIES IN THE NOTICE PURSUANT TO ARIZONA REVISED STATUTES SECTION 33-1003, SUBSECTION 1 OR LOSE AS A DEFENSE ANY INACCURACY OF THAT INFORMATION. WITHIN TEN DAYS OF THE RECEIPT OF THIS PRELIMINARY TWENTY DAY NOTICE IF ANY PAYMENT BOND HAS BEEN RECORDED IN COMPLIANCE WITH ARIZONA REVISED STATUTES SECTION 33-1003, THE OWNER MUST PROVIDE A COPY OF THE PAYMENT BOND INCLUDING THE NAME AND ADDRESS OF THE SURETY COMPANY AND BONDING AGENT PROVIDING THE PAYMENT BOND TO THE PERSON WHO HAS GIVEN THE PRELIMINARY TWENTY DAY NOTICE, IN THE EVENT THAT THE OWNER OR OTHER INTERESTED PARTY FAILS TO PROVIDE THE BOND INFORMATION WITHIN THAT TEN DAY PERIOD, THE CLAIMANT SHALL RETAIN THE BOND AS A RESULT OF NOT TIMELY PREJUDICED FROM ASSERTING A CLAIM AGAINST LIEN RIGHTS TO THE EXTENT PRECLUDED OR RECEIVING THE BOND INFORMATION.

Upon receipt of this notice, please detach and sign this Acknowledgement and return same to sender

ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY 20-DAY NOTICE ARIZONA REVISED STATUTES 33-992.01 AND 33-992.02

**Signature of Sender** ___Signature on file___  **Date:** 10/15/24  **Prelim Number:** AZ203364

This acknowledges receipt on _____ of a copy of the preliminary twenty-day notice at _____

Date: _____  (Address where Notice Received)

Date: _____

Date this Acknowledgement is Executed    Address or Description of Job Site

Signature of person acknowledging receipt, with title if acknowledgement is made on behalf of another person

AZ203364

Exhibit 'C' Page 3

Dated:   10/15/24

## ARIZONA PRELIMINARY TWENTY DAY LIEN NOTICE

### IN ACCORDANCE WITH ARIZONA REVISED STATUTES 33-992.01.

**THIS IS NOT A LIEN. THIS IS NOT A REFLECTION ON THE INTEGRITY OF ANY CONTRACTOR OR SUBCONTRACTOR**

**THE NAME AND ADDRESS OF the person whom the claimant has contracted is**

10/15/24   AZ203364

LEE VANCE
409 BISBEE RD
BISBEE AZ 85603

**This preliminary lien notice has been completed by (name and address of claimant)**

RDX POWER LLC DBA RADIX SOLAR
1815 NORTH MAIN STREET
LOGAN UT 84341

**THE NAME AND ADDRESS OF THE OWNER OR REPUTED OWNER**

LEE WENDELL VANCE
409 BISBEE RD
BISBEE AZ 85603

**You are hereby notified that the claimant has furnished or will furnish labor, professional services, materials, machinery fixtures or tools of the following general description:**

SOLAR DESIGN, EQUIP. PROC. & WAREHOUSING
SOLAR SVCS, SOLAR CONST. & PROJ MGMT

**In the construction, alteration or repair of the building, structure or improvement located at and situated upon that certain lot(s) or parcel(s) of land described as follows:**

**THE NAME AND ADDRESS OF ANY LENDER OR REPUTED LENDER AND/OR ASSIGNS IS**

GOODLEAP
8781 SIERRA COLLEGE BLVD
ROSEVILLE CA 95661

RDX11577
VANCE PROJECT
409 BISBEE RD
BISBEE AZ 85603
COCHISE COUNTY

**THE NAME AND ADDRESS OF THE ORIGINAL CONTRACTOR**

RDX POWER LLC DBA RADIX SOLAR
1815 NORTH MAIN STREET
LOGAN UT 84341

**An estimate of the total price of the labor, professional services, materials, machinery, fixtures or tools furnished or to be furnished is:**

$44,080.23

BY: _____ Signature on file

AZCLDP 81198
A.D.C.  UNKNOWN

**NOTICE TO PROPERTY OWNER**
IF BILLS ARE NOT PAID IN FULL FOR THE LABOR, PROFESSIONAL SERVICES, MATERIALS, MACHINERY, FIXTURES, OR TOOLS FURNISHED, OR TO BE FURNISHED, A MECHANIC'S LIEN LEADING TO THE LOSS, THROUGH COURT FORECLOSURE PROCEEDINGS, OF ALL OR PART OF YOUR PROPERTY BEING IMPROVED MAY BE PLACED AGAINST THE PROPERTY. YOU MAY WISH TO PROTECT YOURSELF AGAINST THIS CONSEQUENCE BY EITHER:
1. REQUIRING YOUR CONTRACTOR TO FURNISH A CONDITIONAL WAIVER AND RELEASE PURSUANT TO ARIZONA REVISED STATUTES SECTION 33-1008, SUBSECTION D, PARAGRAPHS 1 AND 3 SIGNED BY THE PERSON OR FIRM GIVING YOU THIS NOTICE BEFORE YOU MAKE PAYMENT TO YOUR CONTRACTOR.
2. REQUIRING YOUR CONTRACTOR TO FURNISH AN UNCONDITIONAL WAIVER AND RELEASE PURSUANT TO ARIZONA REVISED STATUTES SECTION 33-1008, SUBSECTION D, PARAGRAPHS 2 AND 4 SIGNED BY THE PERSON OR FIRM GIVING YOU THIS NOTICE AFTER YOU MAKE PAYMENT TO YOUR CONTRACTOR.
3. USING ANY OTHER METHOD OR DEVICE THAT IS APPROPRIATE UNDER THE CIRCUMSTANCES.

WITHIN 10 DAYS OF THE RECEIPT OF THIS PRELIMINARY TWENTY DAY NOTICE THE OWNER OR OTHER INTERESTED PARTY IS REQUIRED TO FURNISH ALL INFORMATION NECESSARY TO CORRECT ANY INACCURACIES IN THE NOTICE PURSUANT TO ARIZONA REVISED STATUTES SECTION 33-1003, SUBSECTION 1 OR LOSE AS A DEFENSE ANY INACCURACY OF THAT INFORMATION. WITHIN TEN DAYS OF THE RECEIPT OF THIS PRELIMINARY TWENTY DAY NOTICE IF ANY PAYMENT BOND HAS BEEN RECORDED IN COMPLIANCE WITH ARIZONA REVISED STATUTES SECTION 33-1003, THE OWNER MUST PROVIDE A COPY OF THE PAYMENT BOND INCLUDING THE NAME AND ADDRESS OF THE SURETY COMPANY AND BONDING AGENT PROVIDING THE PAYMENT BOND TO THE PERSON WHO HAS GIVEN THE PRELIMINARY TWENTY DAY NOTICE, IN THE EVENT THAT THE OWNER OR OTHER INTERESTED PARTY FAILS TO PROVIDE THE BOND INFORMATION WITHIN THAT TEN DAY PERIOD, THE CLAIMANT SHALL RETAIN THE BOND AS A RESULT OF NOT TIMELY PREJUDICED FROM ASSERTING A CLAIM AGAINST LIEN RIGHTS TO THE EXTENT PRECLUDED OR RECEIVING THE BOND INFORMATION.

Upon receipt of this notice, please detach and sign this Acknowledgement and return same to sender

ACKNOWLEDGEMENT OF RECEIPT OF PRELIMINARY 20-DAY NOTICE ARIZONA REVISED STATUTES 33-992.01 AND 33-992.02

**Signature of Sender** _Signature on file_   **Date:** 10/15/24   **Prelim Number:** AZ203364

This acknowledges receipt on _____ of a copy of the preliminary twenty-day notice at _____

Date: _____   (Address where Notice Received)

Date: _____

Date this Acknowledgement is Executed   Address or Description of Job Site

Signature of person acknowledging receipt, with title if acknowledgement is made on behalf of another person

Construction Notice Services, Inc     9520 Padgett St., Suite 208, San Diego, CA 92126     1-800-366-5660

Page: 1
Date: 10/15/24

Exhibit 'C' Page 4

**CERTIFICATE OF MAILING**

**Construction Notice Services, Inc.**
9520 Padgett Street, Suite 208
San Diego, CA 92126-4447
Telephone: 800-366-5660



| LN # | ADDRESSEE NAME, ADDRESS, CITY, STATE, ZIP | POSTAGE | PLN # | CUSTOMER |
|---|---|---|---|---|
| 1 | TEMAC DEVELOPMENT INC 2200 S RURAL RD STE 100 TEMPE AZ 85282 | 0.69 | AZ202029 | 951-674-9999 |
| 2 | BNC NATIONAL BANK 322 E MAIN AVE BISMARCK ND 58501 | 0 69 | AZ202029 | 951-674-9999 |
| 3 | TNT TRUCKING INC 367 S MULESHOE RD APACHE JUNCTION AZ 85119 | 0 69 | AZ202029 | 951-674-9999 |
| 4 | ELLIOT 96, LLC C/O KITCHELL DEVELOPMENT COMPANY 1707 E HIGHLAND AVE STE 100 | 0.69 | AZ202902 | 714-822-2337 |
| 5 | UMB BANK 2777 E CAMELBACK RD STE 100 PHOENIX AZ 85016 | 0.69 | AZ202902 | 714-822-2337 |
| 6 | NITTIDAC, LLC 4248 N CRAFTSMAN CT STE 100 SCOTTSDALE AZ 85251 | 0 69 | AZ202902 | 714-822-2337 |
| 7 | HOLLY STEEL DBA: C2 STEEL LLC 115 N 51ST AVE PHOENIX AZ 85043 | 0.69 | AZ202902 | 714-822-2337 |
| 8 | PURCELLA JENNIFER / THIEL THOMAS JENNIFER THIEL 29430 N 119TH LN PEORIA AZ 85383 | 0.69 | AZ203175 | 623-434-3333 |
| 9 | THIEL JENNIFER 29430 N 119TH LN PEORIA AZ 85383 | 0.69 | AZ203175 | 623-434-3333 |
| 10 | LEE WENDELL VANCE 409 BISBEE RD BISBEE AZ 85603 | 0 69 | AZ203364 | 435-669-7037 |
| 11 | GOODLEAP 8781 SIERRA COLLEGE BLVD ROSEVILLE CA 95661 | 0.69 | AZ203364 | 435-669-7037 |
| 12 | LEE VANCE 409 BISBEE RD BISBEE AZ 85603 | 0.69 | AZ203364 | 435-669-7037 |



Total number of pieces listed by sender: 12

Total number of pieces received at post office:

Postmaster per(receiving employee):

Exhibit 'C' Page 5

### AFFIDAVIT OF PROOF OF MAILING OF PRELIMINARY NOTICE

| | | |
|---|---|---|
| **State of California** | **Angela Darling** | being first duly sworn, |
| **County of San Diego** | | upon oath deposes & |
| | | Says this: |

Pursuant to Arizona Revised Statutes Section 33-992.02, the undersigned, in order to prove mailing of a Preliminary Notice, under oath, states as follows:

1. I am the **Notice Preparer** for RDX POWER LLC DBA RADIX SOLAR (hereafter claimant) and I have personal knowledge of the facts hereinafter set forth.

2. The names and address of the persons to whom a copy of the Preliminary Notice was mailed are:

**Owner or Reputed Owner:**       LEE WENDELL VANCE
409 BISBEE RD
BISBEE, AZ 85603

**Lender or Reputed Lender:**       GOODLEAP
8781 SIERRA COLLEGE BLVD
ROSEVILLE, CA 95661

**Person who Contracted for**       LEE VANCE
**Purchase:**       409 BISBEE RD
BISBEE, AZ 85603

3. The time, place and manner of mailing and facts showing that service was made in accordance with Arizona Revised Statutes Section 33-992.01 are:

**Time and place of service: October 15, 2024 San Diego/Mira Mesa California Post Office by first class mail with a certificate of mailing. A copy of the certificate of mailing is attached to this Affidavit.**

By_____

**Angela Darling AZCLDP 81182, Supervisor**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

| | |
|---|---|
| **State of California** | ) |
| | )ss |
| **County of San Diego** | ) |

Subscribed and sworn to (or affirmed) before me on this October 16, 2024 by Angela Darling AZCLDP 81182, the Notice Preparer of Construction Notices Services Inc., proved to me on the basis of satisfactory evidence to be the person who appeared before me.

**Signature** _____

**Amanda Michelle Fry, Notary Public**



# Exhibit 5

2025-03282
Page 1 of 2
David W. Stevens - Recorder
Cochise County , AZ
Requested By: Dennis William Belitz
02-26-2025 ,11:52 AM  Recording Fee $30.00

**Notice and Claim of Lien**

State of Arizona

County of Cochise

Notice is hereby given that on December 09, 2021, Dennis William Belitz DBA Dennis at Your Service LLC of California, of 1421 N Sunrise Way Unit 27, Palm Springs, California 92262, a Supplier, commenced services at the House located at 409 Bisbee Road, Bisbee, in the County of Cochise State of Arizona more specifically known and legally described as:

The surface with the depth of 40 00 ft immediately beneath the surface of lot 409, block 81, WARREN TOWNSITE, according to book 2 of Maps, page 106, records of Cochise C.ounty Arizona

Claimant claims a lien in the amount of $53,223.32 on the House and the premises or real estate on which it is erected or built, belonging to Lee Wendell Vance whose address is 409 Bisbee Road, Bisbee, Arizona 85603. For satisfaction of a claim which became due on February 14, 2025, upon completion of services, for Personal property of Dennis W Belitz:
2020 Nissan Altima $20,702.00
Mattress Firm: $9,208.94
Household furniture/kitchen appliances
Pots.Pans flatware dinnerware $20,000.00
Lakeview Loan June 3, 2022 $1656.66
Lakeview Loan June 7, 2022 $1656.66

Major Domestic.

Claimant signed a contract dated December 09, 2021 and was employed or furnished labor, services, equipment and/or materials under an agreement with Lee Wendell Vance, 409 Bisbee Road, Bisbee, Arizona 85603. A copy of the Contract signed by the parties is attached.

The Claimant served the Preliminary Twenty Day Notice upon the required parties according to section 33-992.01 on December 09, 2021. A copy of the Preliminary Twenty Day Notice and the Proof of Mailing are attached as proof of notification.

_Dennis W. Belitz_                                    2-14-2025

Dennis William Belitz DBA Dennis at Your Service LLC of California Date
1421 N Sunrise Way Unit 27
Palm Springs, California 92262

This is a RocketLawyer.com document.

STATE OF CALIFORNIA

COUNTY OF RIVERSIDE ss:

On this __14__ day of __Feb_____ 20__25__, before me, the subscriber, personally appeared Dennis William Belitz DBA Dennis at Your Service LLC of California, Claimant, this day made oath before me and executed the within instrument, and thereupon acknowledged that Claimant(s) signed, sealed and delivered the same as Claimant's act and deed, for the purposes therein expressed.

_____
NOTARY PUBLIC

J. BERGSTROM
Comm. #2369747
Notary Public·California
Riverside County
Comm. Expires Aug 5, 2025

This is a RocketLawyer.com document.